```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSY SUPPLY, INC.,          :
        Plaintiff             :
                              :
        vs.                   :   CIVIL NO. 1:CV-06-2454
                              :
SUSQUEHANNA RIVER BASIN       :
COMMISSION,                   :
        Defendant             :
```

*M E M O R A N D U M*

I.   *Introduction*.

We are considering plaintiff, Pennsy Supply, Inc.'s, motion for a preliminary injunction against defendant, Susquehanna River Basin Commission. The Commission is the creation of an interstate compact between the United States, Maryland, New York and Pennsylvania, and coordinates the water-resource efforts of the federal government and the three states in the Susquehanna River Basin. Pennsy operates quarries in the Basin and uses Basin water for its operations.

In December 2006, the Commission adopted new regulations to manage the Basin's water resources, 71 Fed. Reg. 78570-01 (Dec. 29, 2006)(to be codified at 18 C.F.R. Parts 806, 807, and 808). In response, Pennsy filed this lawsuit, alleging, among other things, that the Commission violated its own rules and the Due Process Clause in the way it adopted the new regulations. It seeks declaratory and injunctive relief against

their enforcement. Pennsy also wants to make this a class action to represent all users of Basin water.

On January 17, 2007, a hearing was held on the motion for preliminary injunctive relief. The parties presented no testimony but did submit a stipulation of facts and exhibits. We will deny the motion on the ground that Plaintiff has failed to show irreparable injury, an essential showing for obtaining a preliminary injunction.

II.   *Standard of Review*.

Preliminary injunctive relief is an "'extraordinary remedy . . . which should be granted only in limited circumstances.'" *South Camden Citizens in Action v. New Jersey Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (quoted case omitted).

> To obtain a preliminary injunction, the moving party must demonstrate: (1) the reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, the district court also should take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. *See In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Id.* at 1143.

*Id.* "Moreover, establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a clear showing of

2

immediate irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (internal quotation marks and brackets omitted)(quoted case omitted).

III. *Discussion*.

Plaintiff argues the following constitutes irreparable injury: (1) the impact on Plaintiff's day-to-day business operations from the improper withholding of water withdrawal permits (doc. 3, Pl.'s Br. in Supp. at p. 26); (2) the impairment of Plaintiff's "business relations with customers" from the refusal to grant water withdrawal permits, "thus jeopardizing Plaintiff's future presence in the Basin" and "[c]onceivably . . . grind[ing] to a halt most business operations that rely on water to continue" (*id*. at p. 27); (3) "exposure to daily, accumulating costs for access to resources that it owns and that are not within the authority of the Commission to regulate" (*id.*); (4) injury from the constitutional claims here, the alleged due-process, commerce-clause and takings claims, that presumptively establish irreparable harm (doc. 20, Pl.'s Reply Br. at p. 3); and (5) the inability to recover the interim costs of compliance with the new regulations if the regulations are found invalid since under the compact the Commission is not an agency that can be sued for the purposes of the Federal Tort Claims Act, *see* 28 U.S.C. § 1346(b)(1), or the Tucker Act. *Id.*, § 1346(a)(2).

We deal first with the argument that claims of constitutional violations are presumptively considered irreparable injury. In *Hohe*, *supra*, the Third Circuit rejected that idea. *Hohe* dealt with the First Amendment and the plaintiffs there, state employees, requested a preliminary injunction prohibiting the collection of fair-share union dues so that they would not be forced to subsidize the union's ideological activities. All of the fees were being escrowed. In rejecting the request, the Third Circuit noted that:

> It is well-established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976). But the assertion of First Amendment rights does not automatically require a finding of irreparable injury, thus entitling a plaintiff to a preliminary injunction if he shows a likelihood of success on the merits. *See Rushia v. Town of Ashburnham*, 701 F.2d 7, 10 (1st Cir. 1983). Rather the plaintiffs must show "a chilling effect on free expression." *Dombrowski v. Pfister*, 380 U.S. 479, 487, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22 (1965). It is "purposeful unconstitutional [government] suppression of speech [which] constitutes irreparable harm for preliminary injunction purposes." *Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984) . . . Constitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 112-13, 103 S.Ct. 1660, 1671, 75 L.Ed.2d 675 (1983).

868 F.2d at 72-73.

Accordingly, the court refused the injunctive relief sought because the workers' interest in not contributing to the ideological causes of the union was adequately protected by an escrow of all the fair-share fees deducted. Based on *Hohe*, we likewise reject Plaintiff's claim here that the mere invocation of constitutional rights establishes irreparable harm.

In support of its argument of presumptive irreparable harm, Plaintiff cites *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)(plurality opinion); *Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994); *Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996); *N. Pa. Legal Servs., Inc. v. County of Lackawanna*, 513 F. Supp. 678 (M.D. Pa. 1981); and *Atl. Coast Demolition & Recycling v. Board of Chosen Freeholders*, 893 F. Supp. 301 (D.N.J. 1995). These cases do not persuade us.

*Elrod*, *Marks* and *N. Pa. Legal Servs.* are distinguishable. *Elrod* was a First Amendment case where First Amendment rights of political-party affiliation were either being impaired or chilled. 427 U.S. at 373, 96 S.Ct. at 2689-90, 49 L.Ed.2d at 565; see also *Conchatta, Inc. v. Evanko*, 83 Fed. Appx. 437, 442 (3d Cir. 2003)(nonprecedential)(distinguishing *Elrod* because of actual injury to First Amendment rights in that case). *Marks* did not discuss presumptive irreparable harm at all. And *N. Pa. Legal Servs.* also involved actual injury to the plaintiffs' First Amendment right of free expression because the defendant county was going to cut off funding to the plaintiff

5

legal services corporation. 513 F. Supp. at 681. Finally, *Atl. Coast Demolition & Recycling* found irreparable injury only after the plaintiff had established "a high degree of monetary damages over an extended period of time." 513 F. Supp. at 309. Moreover, that court also stated that "the violation of dormant Commerce Clause rights unaccompanied by other irreparable harm does not weigh heavily on the moving party's side of the scale." *Id. See also Norfolk S. Corp. v. Oberly*, 594 F. Supp. 514, 522 (D. Del. 1984)(any violation of the commerce clause does not constitute irreparable injury *per se*").

We turn next to Plaintiff argument that there is irreparable injury because the interim costs of its compliance with the new regulations are not recoverable against the Commission if the regulations are later declared invalid. We think *A.O. Smith Corp. v. FTC*, 530 F.2d 515 (3d Cir. 1976), answers this argument. In *A.O. Smith*, the district court issued a preliminary injunction against a new FTC rule partially on the basis of "the unrecoverable costs and commitment of diverse business resources . . . incident to preparation and compliance with the Commission orders . . ." 513 F.2d at 526. The Third Circuit held this was not irreparable injury, stating:

> At issue was a preliminary injunction-a form of relief requiring a strong showing of necessity. Furthermore, the alleged injury was "unrecoverable costs and commitment of diverse business resources." Without intending to disparage the importance of such an injury, we observe that all that is lost is profits. Any time a corporation

6

> complies with a government regulation that requires corporation action, it spends money and loses profits; yet it could hardly be contended that proof of such an injury, alone, would satisfy the requisite for a preliminary injunction. Rather, in cases like these, courts ought to harken to the basic principle of equity that the threatened injury must be, in some way, "peculiar". *See Gause v. Perkins, supra*. These are not "small" corporations; there is no contention that compliance with the LB program would render any appellee unable to meet its debts as they come due. Nor is there any contention that the cost of compliance would be so great vis a vis the corporate budget that significant changes in a company's operations would be necessitated. Nor is this a case where compliance would permanently injure the corporation's reputation, or its goodwill. If, in the final analysis, the Commission's authority to order the reports is upheld, the cost of compliance will have to be considered a necessary business expense, albeit government mandated, and not a loss of profits in any usual sense of that term.

*Id.* at 527-28 (footnote omitted).

Plaintiff is making the same claim here. Pennsy Supply argues that if the regulations are ultimately enjoined, the unrecoverable nature of the costs of complying with the Commission's new regulations in the interim constitutes irreparable injury, but as *A.O. Smith* establishes, this is simply an example of a corporation spending money to comply with a government regulation, not some type of peculiar harm to the business calling for equitable relief. *See also Constructors Assoc. of W. Pa. v. Kreps*, 573 F.2d 811, 818-19 (3d Cir. 1978)(citing *A.O. Smith* in rejecting the plaintiffs' argument

7

that "being forced to seek out and deal with minority contractors with whom they would ordinarily not do business, thereby disrupting their commercial relationships" was irreparable injury because while it may be an alteration in past practices it is not a "'peculiar' injury").

It also follows from *A.O. Smith* and *Constructors Assoc. of W. Pa.* that Plaintiff's first two arguments for irreparable injury fail, the impact on Plaintiff's day-to-day business operations from the improper withholding of water withdrawal permits and the impairment of Plaintiff's business relations with customers from the refusal to grant water withdrawal permits, jeopardizing its future presence in the Basin. Again, these are simply the consequences of complying with a government regulation. There is also a lack of factual support for these contentions. *See Premier Sys. Consultants, Ltd. v. Mahin*, 1999 WL 1212186 at *3 (E.D. Pa.).

Finally, Plaintiff's argument for irreparable injury from "exposure to daily, accumulating costs for access to resources that it owns" fails because it also lacks factual support. In this regard, Plaintiff has failed to provide specifics for the amount of the costs, stipulating that it "has not quantified the expected additional costs to it from application of the new regulations." (Doc. 23, Stipulations, ¶ 39).

We will issue an appropriate order.[1]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 20, 2007

---

[1] We add that the class-action elements of the complaint do not incline us to grant relief.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PENNSY SUPPLY, INC.,           :
        Plaintiff
                               :

        vs.                    :    CIVIL NO. 1:CV-06-2454

SUSQUEHANNA RIVER BASIN        :
COMMISSION,
        Defendant              :
```

*O R D E R*

AND NOW, this 20th day of February, 2007, it is ordered that Plaintiff's motion (doc. 2) for a preliminary injunction is denied.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge